**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES EAGLE, | No. 13-16879 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01148-JAT |
| v. | |
| BILL ALEXANDER AUTOMOTIVE CENTER, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Argued and Submitted November 19, 2015
San Francisco, California

Before: MELLOY,[**] IKUTA, and HURWITZ, Circuit Judges.

James Eagle appeals the district court's entry of summary judgment against

his Age Discrimination in Employment Act (ADEA) claim. *See* 29 U.S.C.

§ 623(a). We have jurisdiction under 28 U.S.C. § 1291.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Michael J. Melloy, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

Even if Eagle made out a prima facie case of age discrimination, he failed to present evidence sufficient to establish a genuine dispute of material fact on the issue of pretext. Because Bill Alexander Automotive Center ("Alexander Toyota") articulated legitimate, nondiscriminatory reasons for firing Eagle, it was Eagle's burden to show that those reasons were pretextual. *See Pottenger v. Potlatch Corp.*, 329 F.3d 740, 745–46 (9th Cir. 2003). Eagle's evidence that younger salespersons were retained does not establish pretext, because sales manager T.R. Snow, the employee most similarly situated to Eagle, was also fired despite being only 33 years old. *See Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1113 (9th Cir. 2011). Furthermore, Alexander Toyota's explanations for firing Eagle are not incredible simply because they evolved over time. The dealership's explanations were compatible with each other, *see Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 918 (9th Cir. 1996), and Alexander Toyota's claim that Eagle was partially responsible for the dealership's poor customer service scores was credible due to Eagle's status as a de facto manager.

Though Eagle presented evidence that his coworkers made ageist remarks, he failed to provide specific and substantial evidence that those remarks were made, overheard, or endorsed by the supervisor who terminated his employment. *See Mondero v. Salt River Project*, 400 F.3d 1207, 1213 (9th Cir. 2005); *Pottenger*,

2

329 F.3d at 746–47. Similarly, Eagle's assertion that former supervisor Ryan Hancock was a decisionmaker lacked supporting evidence, meaning that a rational jury could not so find. Because Eagle presented only vague and ambiguous evidence tying the discriminatory remarks to the decision to discharge him, the district court did not err in granting summary judgment in favor of Alexander Toyota. *See FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact."); *Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 457 (9th Cir. 1995).

**AFFIRMED.**